**This order is SIGNED.**

**Dated: August 14, 2020**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

*slo*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Number: 20-21042 |
| LEAZA DANELL ABEL | Chapter 7 |
| Debtor. | Hon. Kevin R. Anderson |

**MEMORANDUM DECISION ON TRUSTEE'S
OBJECTION TO EXEMPTIONS (DOCKET NO. 15)**

Leaza Danell Abel moved from Montana to Utah about 7 months prior to filing Chapter 7 bankruptcy in Utah. But when Ms. Abel traded in the vast expanses of Big Sky Country for the rocky ranges of the Wasatch Mountains, she unintentionally created a puzzling legal dilemma – which exemptions (Montana, Utah, or federal) to claim against her assets in her Chapter 7 bankruptcy case. While the Bankruptcy Code's domiciliary provision requires the Debtor to claim Montana exemptions, the parties believe that the Montana exemptions are only available to its residents, and the Debtor is now a resident of Utah. Thus, the issue in this case is whether the Montana residency limitation on exemptions applies to debtors in bankruptcy or, in the alternative, whether 11 U.S.C. § 522(b)(3)[1] permits the Debtor to claim federal or Montana exemptions against some, none, or all her assets.

---

[1] Unless otherwise specified, subsequent statutory references are to the U.S. Code, Title 11.

**I.     JURISDICTION**

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(a)–(b), 157(b). The Trustee's Objection to Exemptions[2] is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and/or (B). Venue is appropriate in this District under 28 U.S.C. §§ 1408–1409, and notice of the hearing was properly given to all parties in interest.

**II.    FACTS AND PROCEDURAL BACKGROUND[3]**

1. The Debtor lived in Montana from June 2017 through the first week of July 2019.[4]

2. The Debtor moved to Utah in July 2019.[5]

3. On February 21, 2020 Leaza Danell Abel (the "Debtor") filed the above-captioned voluntary Chapter 7 case in Utah.[6]

4. On the same date, the Debtor filed a statement of financial affairs and accompanying schedules.[7]

5. On Schedule A/B: Property, the Debtor listed a 2011 GMC Terrain valued at $4,800; 2007 GMC Sierra valued at $5,000; four bank accounts valued at $2,077.86; a prepaid card valued at $0; a 2019 tax refund in an unknown amount; and various other household items.[8]

6. On Schedule C: The Property You Claim as Exempt, the Debtor claims exemptions under § 522(d).[9]

---

[2] ECF No. 15.
[3] References to the docket are to Case No. 20-21042 unless otherwise specified.
[4] ECF No. 2, p. 25, question 2.
[5] ECF No. 2, p. 25, question 2; ECF No. 18, paragraph 2.
[6] ECF No. 1.
[7] ECF No. 2.
[8] ECF No. 2, p. 3-8.
[9] ECF No. 2, p. 9-11.

7. Under § 522(d)(2), the Debtor claims an exemption of $4,000 in the 2011 GMC Terrain.

8. Under § 522(d)(5) (the "wildcard" exemption), the Debtor claims the following assets and exemption amounts:

| Asset | Amount |
|---|---|
| Exercise/Sports Equipment | $100 |
| Checking (ending 1288): Wells Fargo Bank | $1,000 |
| Money Market Savings (ending 8670): Wells Fargo Bank | 100% of fair market value |
| Savings (ending 4493): Wells Fargo Bank | $1,000 |
| Savings: Valley Credit Union | $1,000 |
| Prepaid: Venmo | $1,000 |
| Federal/State 2019 Tax Refund | $1,325 |

9. The Trustee filed an Objection to the Debtor's claimed exemptions on May 21, 2020.[10] Specifically, the Trustee objected to the Debtor's claimed exemptions under § 522(d)(5) and the amount of Debtor's claimed exemption under § 522(d)(2) in the 2011 GMC Terrain.

10. The Debtor responded to the Trustee's Objection on June 9, 2020.[11]

11. The Trustee filed a reply on June 18, 2020.[12]

12. The Court held a hearing on the Trustee's Objection to Exemptions on June 22, 2020. At the conclusion of the hearing, the Court took the matter under advisement and invited the parties to submit supplemental briefs within 14 days if desired.

13. The Trustee filed a supplemental brief on July 6, 2020.[13]

---

[10] ECF No. 15.
[11] ECF No. 18.
[12] ECF No. 19.
[13] ECF No. 25.

**III. ANALYSIS**

Because the Debtor moved from Montana to Utah within 730 days of her bankruptcy filing, the domiciliary provision of § 522(b)(3)(A)[14] requires the Debtor to use Montana exemptions. Montana has opted out of the federal exemptions, so the Debtor must use Montana's state-law exemptions.[15] However, the Debtor asserts that Montana has limited its exemptions to state residents,[16] thus she does not qualify for the Montana exemptions. As a result, the Debtor asserts under the hanging paragraph in § 522(b)(3)[17] (the "§ 522 Safety Net") she can claim the federal exemptions of § 522(d) because the domiciliary provision of § 522(b)(3)(A) renders her "ineligible for any exemption." Consequently, the Debtor has claimed a vehicle exemption of $4,000 under § 522(d)(2) and a wild-card exemption under § 522(d)(5) in tax refunds, various financial accounts, and personal property.

The Trustee objects to the vehicle exemption under § 522(d)(2) on the grounds that the Debtor is limited to the Montana vehicle exemption of $2,500.[18] The Trustee also objects to the wild-card exemption under § 522(d)(2) on the grounds that Montana does not allow for a wild-card exemption. Specifically, the Trustee contends that the § 522 Safety Net should be interpreted to preclude the Debtor from claiming a category or an amount of a federal exemption that is not available under the Montana exemption statute.

---

[14] Section § 522(b)(3)(A) provides in relevant part that a debtor must use the applicable state exemptions from "the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period [preceding the petition date] or for a longer portion of such 180-day period than in any other place."

[15] MONT. CODE ANN. § 31-2-106: "Exempt property -- bankruptcy proceeding. An individual may not exempt from the property of the estate in any bankruptcy proceeding the property specified in 11 U.S.C. 522(d)."

[16] MONT. CODE ANN. § 25-13-606: "Protection of property of residents. A resident of this state is entitled to the exemptions provided in this part."

[17] "If the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under [522](d)."

[18] MONT. CODE ANN. § 25-13-609(2): "A judgment debtor is entitled to exemption from execution of the following . . . (2) the judgment debtor's interest, not to exceed $2,500 in value, in one motor vehicle."

The Trustee urges this Court to adopt the reasoning of Judge Brown in *In re Withington*, 594 B.R. 696 (Bankr. D. Colo. 2018), who held that the § 522 Safety Net does not allow a debtor to claim a federal exemption that is greater than the applicable state law exemptions if the debtor is deprived of a specific state exemption due to a residency requirement.

On the other hand, the Debtor asserts that she should be able to claim federal exemptions against her assets for the following reasons: (1) because Montana's exemptions are limited to state residents, she is entitled under the § 522 Safety Net clause to claim federal exemptions under § 522(d); and (2) the Trustee's position, coupled with the domiciliary requirement of the Bankruptcy Code, impairs the Debtor's fresh start.

    A.    Statutory Framework

        *1. The Bankruptcy Code*

Section 522(b) allows a debtor to exempt property from the bankruptcy estate. Under § 522(b)(2), a debtor can claim the federal exemptions listed in § 522(d) or, if a state has chosen to opt out of the federal exemptions and require the use of its own exemptions, a debtor must claim the exemptions of the applicable state.

However, if a debtor has been domiciled in more than one state within 730 days prior to the bankruptcy filing, then § 522(b)(3)(A), known as the "Domiciliary Provision," provides that the debtor's domicile for exemption purposes is "the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period." In 2005, Congress extended the domiciliary look-back period from 180 days to 730 days. This was done with the intent of precluding a certain type of bankruptcy planning whereby a debtor, in anticipation of filing for bankruptcy, moved to a state with more generous exemptions.[19]

---

[19] *See In re Withington*, 594 B.R. 696, 701 (Bankr. D. Colo. 2018) ("Some legislators believed that the prior law's 180-day period made it too easy for debtors to relocate to states with more generous exemption laws, especially those

The parties and the Court agree that under the Domiciliary Provision of § 522(b)(3)(A), the Debtor is required to claim Montana exemptions even though such exemptions are generally only available to Montana residents.[20] In an attempt to remedy this anomalous situation, the § 522 Safety Net provides: "If the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under [§ 522](d)." However, the application of this seemingly simple approach is somewhat complicated by Montana exemption laws.

### 2. *The Montana Exemption Statutes*

Montana has opted out of the Bankruptcy Code's exemption scheme and legislated its own exemptions.[21] Montana limits its exemptions to state residents under MONT. CODE ANN. § 25-13-606: "A resident of this state is entitled to the exemptions provided in this part." However, Montana has also enacted a separate statute that specifically deals with exemptions in a bankruptcy case. MONT. CODE ANN. § 31-2-106, titled "Exempt Property – bankruptcy proceeding," provides in relevant part:

> An individual may not exempt from the property of the estate in any bankruptcy proceeding the property specified in 11 U.S.C. 522(d). An individual may exempt from the property of the estate in any bankruptcy proceeding: (1) that property exempt from execution of judgment as provided in . . . Title 25, chapter 13, part 6 . . . .

The Court observes the following regarding this section. First, it specifically addresses the application of Montana exemptions in "any bankruptcy proceeding" and thus it is not expressly limited to a bankruptcy case filed in the District of Montana. Second, it twice uses the phrase an

---

with more generous homestead exemptions."). *See also* 4 Collier on Bankruptcy, ¶ 522.06 (16th 2020); H.R. Rep. No. 109-31, pt. 1, at 15-16 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 102.

[20] MONT. CODE ANN. § 25-13-606: ("A resident of this state is entitled to the exemptions provided in this part."); Extraterritorial effect of state homestead and other exemptions, Bankr. Exemption Manual § 4:7.

[21] Mont. Code Ann. § 31-2-106(1).

"individual" rather than a "resident" when speaking of exemptions available in bankruptcy. Third, it provides that an "individual" in "any bankruptcy proceeding" may exempt "that property" provided in Title 25, chapter 13, part 6. Again, this statutory text makes no mention of a residency requirement. Finally, the language expressly prohibits an individual in bankruptcy from claiming an exemption under § 522(d).

MONT. CODE ANN. § 1-2-102 provides that "[i]n the construction of a statute, the intention of the legislature is to be pursued if possible. When a general and particular provision are inconsistent, the latter is paramount to the former, so a particular intent will control a general one that is inconsistent with it." The Montana Supreme Court has observed that MONT. CODE ANN. § 31-2-106 "is the more specific statute in that it relates directly to bankruptcy" as opposed to § 25-13-609 which "sets forth the personal property exemptions available to judgment debtors in general."[22] Based on this direction from the Montana Supreme Court, and applying the plain meaning of each word while observing the distinction between "an individual" and "a resident," the Court finds that the specifics of MONT. CODE ANN. § 31-2-106 control in this bankruptcy case over the general of Title 25, Chapter 13, Part 6, entitled "Property Exempt from Execution," of the Montana Code.

    B.    <u>Application of the Montana Bankruptcy Exemption Statute</u>

Consequently, for the following reasons the Court finds that the Debtor may claim an exemption "in that property . . . provided in Title 25, chapter 13, part 6": (1) the Bankruptcy Code requires the Debtor to use Montana exemptions; (2) the Montana exemption statute for individuals in bankruptcy does not contain an express residency requirement; and (3) the Montana exemption statute expressly prohibits a debtor from using the exemptions of § 522(d). Further, because the

---

[22] *In re Zimmerman*, 46 P.3d 599, 601 (Mont. 2002).

Debtor can exempt property in a bankruptcy case under MONT. CODE ANN. § 31-2-106, the domiciliary provision has "not rendered the debtor ineligible for any exemption," and thus the § 522 Safety Net does not come into play.

Turning to the specific Montana exemptions at issue, MONT. CODE ANN. § 25-13-609(2) provides that "a judgment debtor is entitled to exemption from execution . . . [in] the judgment debtor's interest, not to exceed $2,500 in value, in one motor vehicle." However, the Montana exemption statute does not include a wild-card exemption like that of § 522(d)(5).[23] For these reasons, the Court disallows the Debtor's wild-card exemptions under § 522(d). The Debtor's exemption in the 2011 GMC Terrain under § 522(d)(2) is likewise disallowed, but the Debtor may file an amended Schedule C claiming a $2,500 exemption in the vehicle under Mont. Code Ann. § 25-13-609(2).

    C.    <u>In the Alternative, the State-Specific Approach in Interpreting the § 522 Safety Net Limits the Debtor's Exemptions to the Conditions, Qualifications, or Restrictions of the Montana Statute.</u>

Of course this Court's interpretation of the Montana exemption statutes is not binding on a Montana federal or state court. If the Court has misconstrued the application of MONT. CODE ANN. § 31-2-106 such that the Montana exemptions in a bankruptcy case are subject to a residency requirement, the Court would still sustain the Trustee's objection.

If Montana limits its exemptions to residents, then the Debtor is rendered "ineligible for any exemption," and the § 522 Safety Net would apply. In interpreting the § 522 Safety Net, judges and legal commentators have taken at least four approaches[24] in determining allowable exemptions

---

[23] *In re Siegle*, 257 B.R. 591, 599 (Bankr. D. Mont. 2001) ("The legislature did not codify, either in § 25–13–609 or in any other exemption statute, the federal wildcard exemption identified in § 522(d)(5). Consequently, through the plain meaning of the statute, I conclude that § 25–13–609(1) does not create a Montana 'wildcard' exemption.").

[24] Rather than attempt to summarize or duplicate the good work of Judge Brown, the Court refers the parties to Judge Brown's summary of the four approaches in *In re Withington*, 594 B.R. 696, 702-05 (Bankr. D. Colo. 2018). *See also*

in light of a state's residency requirement. The Court is persuaded by Judge Brown's reasoning in *In re Withington*, 594 B.R. 696 (Bankr. D. Colo. 2018) that adopts the so-called "State Specific" interpretation. Under this interpretation, "if the Bankruptcy Code's choice of law provisions determine that [a particular state] law applies, then the bankruptcy court must apply the [state's] exemptions in the same way that [the] state court would."[25] The Court agrees with Judge Brown that "an opt-out state's law ought to be applied to the fullest extent possible, **including whatever conditions, qualifications, or restrictions [the state law] imposes on a claim of exemption**."[26]

The Court also adopts the flexible interpretation of "any exemption" in § 522(b)(3), meaning that if the Domiciliary Provision coupled with a state's residency requirement denies a debtor a particular category of exemption, such debtor can claim the same category of exemption under § 522(d) (e.g., a vehicle), subject to "whatever conditions, qualifications, or restrictions [the applicable state law] imposes on a claim of exemption."[27]

As noted in *Withington*:

These two interpretations best give effect to all the provisions of § 522(b) and the purpose behind the [2005 BAPCPA] amendments. It does not immediately bypass state law, doing violence to the Domiciliary Provision, as the Anti-extraterritorial Interpretation does. It gives greater effect to the Opt-out Clause because it keeps state law intact to the fullest extent, unlike the Preemption Interpretation. And when the State-specific Interpretation is coupled with a flexible reading of "any exemption" it prevents the combination of state law and the Domiciliary Provision from denying a debtor any of the necessities that exemptions are intended to provide.

---

Judge Eugene R. Wedoff, *A Mobile Debtor Asks: Where Do I Find My Exemptions?*, Bankruptcy Law Letter, Vol. 37, Issue 6 (June 2017).

[25] *Id.* at 702.

[26] *Id.* at 704 (emphasis added).

[27] *Id*.

In this case, if the Debtor is denied a Montana exemption because of its residency requirement, she can only claim that same category of exemption under § 522(d), subject to the "conditions, qualifications, or restrictions" of Montana's exemptions.

Turning to the facts, the Debtor claims an exemption of up to $4,000 in a 2011 GMC Terrain under § 522(d)(5). However, the Montana vehicle exemption is capped at $2,500.[28] Under the "State-Specific" interpretation, the Court will apply state law to the fullest extent possible, including any limitations imposed by the Montana exemption statute on the category or amount of a Montana exemption. This approach is also consistent with purpose of the Domiciliary Provision of § 522(b)(3)(A) that a debtor does not obtain a greater exemption as a result of moving to another state within 2.5 years of a bankruptcy filing. For these reasons, the Court finds that the Debtor is entitled to an exemption in 2011 GMC Terrain under § 522(d)(2), but subject to the $2,500 cap of MONT. CODE ANN. § 25-13-609(2).

The Debtor has also claimed the wild-card exemption of § 522(d)(5) in tax refunds, various financial accounts, and personal property. However, the Montana exemption statute does not contain a wild-card exemption.[29] Following the same reasoning as above, the Court finds that because the state-specific exemption statute (i.e., Montana) does not contain a wild-card exemption, the Debtor cannot claim the federal wild-card exemption under § 522(d)(5).

Further, the Court is not persuaded by the Debtor's argument the State Specific interpretation and flexible approach to the § 522 Safety Net will deprive her of the fresh start contemplated by the Bankruptcy Code. Accepting the Debtor's argument that she should be

---

[28] MONT. CODE ANN. § 25-13-609(2): "A judgment debtor is entitled to exemption from execution of . . . (2) the judgment debtor's interest, not to exceed $2,500 in value, in one motor vehicle."

[29] *In re Siegle*, 257 B.R. 591 (Bankr. D. Mont. 2001).

entitled to take all federal exemptions, including the wild card, permits her to exempt far more than the Montana exemption statutes would allow. As noted by Judge Brown:

> "If applicable state law does not provide for an exemption for a certain kind of property, then it is not the Domiciliary Provision that has harmed him, but only state law . . . . The Safety Net is not implicated merely because the debtor cannot claim exemptions for everything available under the Bankruptcy Code or under his new state's laws."[30]

In short, the consequence of capping the Debtor's vehicle exemption at $2,500 and disallowing a wild-card exemption only puts her in the same position as if she had not moved from Montana to Utah. For these reasons, the Court finds that the Debtor will receive the full fresh start as contemplated by the Bankruptcy Code and the State of Montana.

## IV. CONCLUSION

The Court sustains the Trustee's Objection to Exemptions.[31] Under MONT. CODE ANN. § 31-2-106 and § 25-13-609(2), the Debtor is entitled to an exemption in the 2011 GMC Terrain not to exceed $2,500 in value. Because Montana does not have a wild-card exemption, the Debtor's claimed exemptions under § 522(d)(5) are disallowed. In the alternative, if the Debtor is entitled to claim exemptions under the § 522 Safety Net, they are nonetheless subject to the "conditions, qualifications, or restrictions" of Montana's exemptions. Thus, the Debtor's claimed exemption in the 2011 GMC Terrain is allowed under § 522(d)(2) but capped at $2,500 under MONT. CODE ANN. § 25-13-609(2). The claimed wild-card exemptions of § 522(d)(5) are disallowed in whole. The Court will enter an order consistent with this Memorandum Decision.

---

[30] *Withington*, 594 B.R. at 707.
[31] ECF No. 15.

––ooo0ooo––

## DESIGNATION OF PARTIES TO RECEIVE NOTICE

Service of the foregoing MEMORANDUM DECISION ON TRUSTEE'S OBJECTION TO EXEMPTIONS (DOCKET NO. 15) shall be served to the parties and in the manner designated below.

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

- Scott T. Blotter    scott@rulontburton.com; sblotterlaw@gmail.com
- Justin O. Burton    justin@rulontburton.com, ffej65@gmail.com
- Stephen W. Rupp tr    rupptrustee@mbt-law.com, UT03@ecfcbis.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

**None.**